ALCAN ALUMINUM CORPORATION, Appellant,

v.

Jackie STONE; Honorable Lawrence F. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2008–SC–000179–WC.

Supreme Court of Kentucky.

Jan. 22, 2009.

John C. Morton, Morton Law, LLC, Henderson, KY, Counsel for Appellant, Alcan Aluminum Corporation.

Mary Michele Cecil, Caslin, Cecil & Holtrey, Owensboro, KY, Counsel for Appellee, Jackie Stone.

## OPINION OF THE COURT

KRS 342.730(6) permits certain employer-funded disability benefits or accident and sickness benefits to offset workers' compensation income benefits. When the claimant became permanently and totally disabled, he elected to receive benefits under his employer's disability retirement plan because they were greater than his early retirement benefits would have been. Although an Administrative Law Judge (ALJ) gave the employer a dollar-for-dollar credit against the awarded income benefits, the Workers' Compensation Board (Board) held that the offset must be limited to the amount received in excess of the early retirement benefit. The Court of Appeals affirmed, and we affirm. KRS 342.730(6) permits an offset to the extent that the disability retirement benefit exceeds the retirement benefit for which the worker would have been eligible because only that portion of the benefit is attributable to the disability covered by Chapter

342. The balance is based on other criteria.

The claimant sustained a work-related injury in 2002. His application for workers' compensation benefits alleged that he was permanently and totally disabled. Although he attempted to return to work after surgery, his employer determined ultimately that he qualified for disability retirement.

The company retirement plan did not permit employee contributions. The employer made all necessary contributions and paid all costs of the plan, which provided three types of benefits. First, a worker could retire at the normal retirement age, which was 65, and receive a benefit based on a dollar amount multiplied by the number of years of service. Second, a worker with ten or more years' service could retire early, at age 60 or greater, and receive a discounted benefit. Third, a worker with 10 or more years' service who met the medical criteria could receive a disability retirement benefit that was calculated like the normal retirement benefit but not discounted for an age less than 65.

The claimant elected to receive disability retirement benefits, which were 15% greater than the benefits that he would have received had he elected early retirement. Thus, the employer asserted in his workers' compensation claim that KRS 342.730(6) permitted its payments of disability retirement benefits to offset its liability for income benefits. The ALJ found the claimant to be permanently and totally disabled and determined ultimately that the employer was entitled to a dollar-for-dollar offset for disability retirement benefits. The Board reversed to the extent that it limited the offset to the amount that the benefit for disability retirement exceeded the benefit to which the claimant would have been entitled had he taken early retirement. The Court of Appeals affirmed, and the employer appeals.

KRS 342.730(6) provides as follows:

All income benefits otherwise payable pursuant to this chapter shall be offset by payments made under an exclusively employer-funded disability or sickness and accident plan which extends income benefits for the same disability covered by this chapter, except where the employer-funded plan contains an internal offset provision for workers' compensation benefits which is inconsistent with this provision.

The employer emphasizes that the claimant receives benefits under an exclusively employer-funded disability retirement plan. It asserts that the Board and the Court of Appeals erred by limiting the offset because KRS 342.730(6) refers to "[a]ll income benefits" and does not limit the offset to "some benefits" or "a portion of the benefits" paid for the same disability that Chapter 342 covers. What the argument overlooks is that the employer-funded plan at issue does not pay a disability benefit but a disability *retirement* benefit. The difference is significant under KRS 342.730(6).

KRS 342.730(6) prevents a duplication of the income-replacement benefits that an employer must pay under Chapter 342 and a private, exclusively employer-funded disability or sickness and accident plan.[1] Although benefits paid under a private, exclusively employer-funded pension or retirement plan also replace lost income, Chapter 342 does not provide an offset for such benefits. Thus, KRS 342.730(6) would not have entitled the employer to an offset if the claimant had elected to receive early retirement benefits.

1. *Dravo Lime Co., Inc. v. Eakins,* 156 S.W.3d 283 (Ky.2005).

As the Board noted, disability retirement plans are a hybrid, combining attributes of both a disability plan and a retirement plan. When such a plan is at issue, KRS 342.730(6) permits an offset to the extent that the disability retirement benefit exceeds the retirement benefit for which the worker would have been eligible because only that portion of the benefit is attributable to the same disability covered by Chapter 342. The balance is based on the worker's years of service and/or other criteria.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.